IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN A. DELARDI,              :
                           :
     Plaintiff,             :
                           :    CASE NO.
v.                         :
                           :
NU-CALGON WHOLESALER, INC., and  :
ITW SEXTON, INC.,          :
                           :
     Defendants.       :
_____:

**COMPLAINT**

Plaintiff, ROBIN A. DELARDI, hereby brings this action against Defendants, NU-CALGON WHOLESALER, INC. and ITW SEXTON, INC., and alleges as follows:

1. Plaintiff, ROBIN A. DELARDI, was, at all material times, a citizen of Spring Hill, Hernando County, Florida, and certified as an air-conditioning contractor in Florida.

2. Defendant, NU-CALGON WHOLESALER, INC., ("NU-CALGON"), was, at all material times, a Missouri corporation which designed, marketed and distributed specialty-chemical products, including "A/C Easy Seal," for distribution, sale and use in Florida.

3. Defendant, ITW SEXTON, INC. ("SEXTON"), was, at all material times, a Massachusetts corporation which designed and manufactured aerosol cans for products, including "A/C Easy Seal," that were distributed, sold and used in Florida.

4. Defendant, NU-CALGON, designed, marketed and distributed "A/C Easy Seal" as an easy, quick, inexpensive and reliable method for sealing and preventing refrigerant leaks within residential, air-conditioning units.

5. Defendant, NU-CALGON, expressly intended "A/C Easy Seal" to be used by service technicians whenever a leak existed and traditional methods of finding and repairing the leak were costly or impractical.

CASE NO.

6.    Defendant, SEXTON, was a "world leader" in the design and manufacture of two-piece, aerosol cans and offered a wide range of designs for the most demanding applications.

7.    The designs offered by Defendant, SEXTON, for applications such as "A/C Easy Seal" included the option of a can with a plain bottom or a can with a bottom featuring a pressure-relief device.

8.    Defendant, SEXTON, developed and held several patents on pressure-relief devices which: (a) generally appeared as a crescent-shaped indentation at the bottom of a can; (b) controlled the escape of gas when the internal pressure of a can approached its maximum capacity; and (c) otherwise prevented rupture of a can and severe injury to the user.

9.    Defendants, SEXTON and NU-CALGON, produced "A/C Easy Seal" in aerosol cans which had only a plain bottom and no pressure-relief device.

10.    On or about July 7, 2016, Plaintiff, ROBIN A. DELARDI, sustained severe physical and cognitive injuries in Spring Hill, Hernando County, Florida, when a can of "A/C Easy Seal" exploded in his left hand while being used, as intended and with ordinary due care, to seal small leaks within a residential, air-conditioning unit.

11.    The "A/C Easy Seal," as used by Plaintiff on or about July 7, 2016, was defective in its design as it failed to perform as safely as an ordinary consumer would expect when the product was used as intended or in a reasonably foreseeable manner.

12.    The "A/C Easy Seal" was defective in its manufacture as the bottom of its can was not joined circumferentially to its cylindrical body so as to withstand the internal pressures arising from the use of the product as intended or in a reasonably foreseeable manner.

13.    These defects existed at the time the "A/C Easy Seal" left the possession of Defendants, SEXTON and NU-CALGON.

14.    The "A/C Easy Seal" was not subsequently and materially changed before its use by Plaintiff, ROBIN A. DELARDI.

CASE NO.

15.    Plaintiff could not and was not expected to discover these defects or guard against the possibility of their existence.

16.    This Court has original jurisdiction over Plaintiff's action, pursuant to 28 U.S.C. § 1332(a), in that the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between parties of diverse citizenship.

## COUNT I
## STRICT LIABILITY AGAINST NU-CALGON

17.    Plaintiff adopts and incorporates the first paragraph through the sixteenth paragraph, above, as if repeated within this count.

18.    The "A/C Easy Seal," as used by Plaintiff on or about July 7, 2016, and as designed, marketed and distributed by Defendant, NU-CALGON, was defective and unreasonably dangerous.

19.    The defective "A/C Easy Seal" proximately caused damage to Plaintiff which includes, but is certainly not limited to, permanent physical and cognitive injuries, disfigurement, disability, pain, mental anguish and suffering in the past and future, the loss of earnings in the past and future, the expense of hospitalizations, multiple surgeries and other medical care in the past and future, and the sheer loss of capacity for the enjoyment of his life.

WHEREFORE, Plaintiff, ROBIN A. DELARDI, hereby demands entry of a judgment against Defendant, NU-CALGON WHOLESALER, INC., for compensatory damages, interest, costs and such other relief as this Court may deem just and proper.

## COUNT II
## STRICT LIABILITY AGAINST SEXTON

20.    Plaintiff adopts and incorporates the first paragraph through the sixteenth paragraph, above, as if repeated within this count.

21.    The "A/C Easy Seal," as used by Plaintiff on or about July 7, 2016, and as designed and manufactured by Defendant, SEXTON, was defective and unreasonably dangerous.

CASE NO.

22.    The defective "A/C Easy Seal" proximately caused damage to Plaintiff which includes, but is certainly not limited to, permanent physical and cognitive injuries, disfigurement, disability, pain, mental anguish and suffering in the past and future, the loss of earnings in the past and future, the expense of hospitalizations, multiple surgeries and other medical care in the past and future, and the sheer loss of capacity for the enjoyment of his life.

WHEREFORE, Plaintiff, ROBIN A. DELARDI, hereby demands entry of a judgment against Defendant, ITW SEXTON, INC., for compensatory damages, interest, costs and such other relief as this Court may deem just and proper.

## COUNT III
## NEGLIGENCE AGAINST NU-CALGON

23.    Plaintiff adopts and incorporates the first paragraph through the sixteenth paragraph, above, as if repeated within this count.

24.    Defendant, NU-CALGON, had a legal duty of care to design, market and distribute products which were reasonably safe when used as intended or in a reasonably foreseeable manner.

25.    Defendant, NU-CALGON, breached this legal duty of care by designing, marketing and distributing the defective and unreasonably dangerous "A/C Easy Seal" used by Plaintiff on or about July 7, 2016.

26.    The defective "A/C Easy Seal" proximately caused damage to Plaintiff which includes, but is certainly not limited to, permanent physical and cognitive injuries, disfigurement, disability, pain, mental anguish and suffering in the past and future, the loss of earnings in the past and future, the expense of hospitalizations, multiple surgeries and other medical care in the past and future, and the sheer loss of capacity for the enjoyment of his life.

WHEREFORE, Plaintiff, ROBIN A. DELARDI, hereby demands entry of a judgment against Defendant, NU-CALGON WHOLESALER, INC., for compensatory damages, interest, costs and such other relief as this Court may deem just and proper.

4

CASE NO.

## COUNT IV
## NEGLIGENCE AGAINST SEXTON

27.      Plaintiff adopts and incorporates the first paragraph through the sixteenth paragraph, above, as if repeated within this count.

28.      Defendant, SEXTON, had a legal duty of care to design and manufacture products which were reasonably safe when used as intended or in a reasonably foreseeable manner.

29.      Defendant, SEXTON, breached this legal duty of care by designing and manufacturing the defective and unreasonably dangerous "A/C Easy Seal" used by Plaintiff on or about July 7, 2016.

30.      The defective "A/C Easy Seal" proximately caused damage to Plaintiff which includes, but is certainly not limited to, permanent physical and cognitive injuries, disfigurement, disability, pain, mental anguish and suffering in the past and future, the loss of earnings in the past and future, the expense of hospitalizations, multiple surgeries and other medical care in the past and future, and the sheer loss of capacity for the enjoyment of his life.

WHEREFORE, Plaintiff, ROBIN A. DELARDI, hereby demands entry of a judgment against Defendant, ITW SEXTON, INC., for compensatory damages, interest, costs and such other relief as this Court may deem just and proper.

CASE NO.

## DEMAND FOR JURY TRIAL

Plaintiff, ROBIN A. DELARDI, in accordance with Rule 38(b) of the Federal Rules of Civil

Procedure, hereby demands a jury trial of all issues so triable.

/s/

Richard C. Alvarez, Esquire
Florida Bar No. 031615
Kevin L. Dees, Esquire
Florida Bar No. 015959
OLDER LUNDY & ALVAREZ
*Counsel to Plaintiff*
3014 West Palmira Avenue, Suite 202
Tampa, Florida 33629
Telephone No. (813) 254-8998
Facsimile No. (813) 839-4411
triallawyers@olalaw.com