UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:17-cv-34-EAK-TBM

ROBIN A. DELARDI,

    Plaintiff,

v.

NU-CALGON WHOLESALER, INC.,

    Defendants.

_____/

## DEFENDANT NU-CALGON WHOLESALER, INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE PERTAINING TO PRIOR LAWSUITS OR INCIDENCES

Defendant NU-CALGON WHOLESALER, INC., by and through the undersigned counsel, pursuant to Fed.R.Civ.P. 401, 402 and 403, and Middle District of Florida Local Rules, herein files this Motion in Limine and moves the Court for an order in limine prohibiting the Plaintiff, his attorneys, and any witnesses from referring at any time or in any manner within the province of the jury to any evidence or opinion relating to or concerning the matter raised in this motion. The following matters are extraneous to the issues in this case, highly prejudicial, irrelevant and serve no other purpose than to mislead or confuse the jury.

1. Plaintiff has listed in its exhibit list and attempted to obtain information throughout the pendency of this litigation regarding two (2) prior lawsuits filed against Nu-Calgon in other parts of the country, and other claims of an A/C technician sustaining injury by an explosion of product.

2. In answer #8 to Plaintiff's interrogatories, [D.E. 71-1], in response to the question

1

whether defendant has ever been named a defendant in a lawsuit for injury that allegedly arose from the use of "A/C Easy Seal" or any other product within a pressurized can, Defendant responded as follows:

> Objection, not limited in scope, manner and time. This request is not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence. Wtihout waiving these objections, Nu-Calgon is a defendant in two other matters involving the use of "A/C Easy Seal" as set forth below:
> (1) Conway v. Nu-Calgon Inc., and RD Smithtown, LLC, index No. 602549/2017, pending in the Supreme Court of the State of New York, Suffolk County
> (2) Montoya v. Nu-Calgon Inc., and Does 1 through 1000, Case No.: BC588521 pending in the Superior Court of the State of California, Los Angeles County

3. In Plaintiff's Fifth Supplement under Rule 26(E)(1), Plaintiff listed four (4) individuals as either an engineer or A/C technician who sustained injury by explosion of a product in either 2013, 2014 or 2015.

4. In Plaintiff's List of Trial Exhibits, Plaintiff listed the certified complaint from Montoya v. Nu-Calgon Inc. (*supra*) and the Certified Answer of Nu-Calgon in the same matter (*supra*) as Exhibits #63 and #64.

5. Such evidence is not relevant to Plaintiff's claims and should be excluded pursuant to Fed. R. Evid. 402.

6. Even if such evidence were marginally relevant to this action, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.

7. Accordingly, for the foregoing reasons, the Court should enter an Order in limine prohibiting Plaintiff, his attorneys, and any witnesses from referring at any time or in any manner

within the hearing of the jury or potential jurors to any evidence or opinion relating to or concerning the matters described herein.

## MEMORANDUM OF LAW

"Relevant evidence" is defined by Fed. R. Evid. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 provides that evidence that is not relevant is not admissible, and Fed. R. Evid. 403 provides that even when evidence may have some relevance, it should be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Rule 403 affords a trial court broad discretion in this balancing analysis. See, e.g., Fitzgerald v. McDaniel, 833 F.2d 1516, 1520-21 (11th Cir. 1987); Noel Shows, Inc. v. United States, 721 F.2d 327, 329 (11th Cir. 1983); Stallworth v. Illinois Central Gulf R.R., 690 F.2d 858, 868 (11th Cir. 1982).

Courts consistently hold that evidence of other claims or lawsuits against the defendant in a products liability action is inadmissible. See Wilson v. Bicycle South, Inc., 915 F.2d 1503, 1510 (11th Cir. 1990) (*affirming exclusion*); Yellow Bayou Plantation Inc. v. Shell Chem., Inc., 491 F.2d 1239, 1242-43 (5th Cir. 1974) (evidence of other lawsuits and complaints about product offered only "faint probative value and high potential for unfair prejudice"); *see also* Johnson v. Ford Motor Co., 988 F.2d 573, 579-80 (5th Cir. 1993) (holding summaries of lawsuits and claims as inadmissible hearsay).

Plaintiff should not be permitted to present any evidence, statement, or argument of any other claims, lawsuits, investigations, or verdicts involving Nu-Calgon. Such information has no tendency to make the existence of any material fact more or less probable than it would be without

the evidence and would prevent Nu-Calgon from receiving a fair trial. *See* Fed R. Evid. 401, 402 & 404(b); Palmer v. Bd. of Regents of the Univ. Sys. of Georgia, 208 F.3d 969, 973 (11th Cir. 2000) (no abuse of discretion in failure to introduce evidence of other lawsuits, especially where complaints involved different decision-makers and departments); Prouty v. National R.R. Passenger Corp., 99 F.R.D. 545, 549 (D.D.C. 1983) (issues raised in other lawsuits against the opposing party are not relevant to case-in-suit).

Further, any such reference would only confuse the issues, mislead the jury, and unfairly prejudice Nu-Calgon. See Fed. R. Evid. 403; Lanham v. Whitfield, 805 F.2d 970, 972 (11th Cir. 1986) (affirming trial court's exclusion of evidence of other litigation involving the defendant, because the evidence would have created confusion of the issues, misled the jury, and substantially prejudiced the defendant); Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp., No. 1:10-cv-21511, 2010 WL 4179312, at *3-5 (S.D. Fla. Oct. 25, 2010) (granting defendant's motion in limine to exclude references to other claims made against defendant and its affirmative defenses asserted in similar lawsuits based on limited relevance of defendant's claims handling practices in other cases and the substantial prejudice to defendant if it had to, in effect, conduct "mini trials" in this action to demonstrate the viability of its affirmative defenses in those other cases); Williams v. Asplundh Tree Expert Co., No. 3:05-cv-479, 2006 WL 2868923, at *2 (M.D. Fla. Oct. 6, 2006) (granting defendant's motion in limine to exclude references to prior discrimination lawsuits against defendant in plaintiff's hostile work environment lawsuit and holding that the prior lawsuits were minimally probative, but highly prejudicial).

Similarly, Plaintiff should not be permitted to present any evidence, statement, or argument about other alleged crimes, wrongs, or acts by Nu-Calgon to show it acted in conformity therewith. *See* Fed. R. Evid. 404(b). *See* Lanham, 805 F.2d at 972 (evidence of other litigation involving

defendant did not satisfy requirements of admission under F.R.E. 404(b), in part because it was unfairly prejudicial to defendant); Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp., 2010 WL 4179312, at *3-5 (same).

The danger of admitting evidence of other proceedings is particularly acute under Rule 403 when, as here, the introduction of such events will inevitably lead to several "mini-trials" within the trial itself. *See* Wilson, 915 F.2d at 1510, n.10 (admission properly denied because "considerable amount of extrinsic evidence" necessary to support admission "would have required a trial within a trial."). Here, Plaintiff will have to demonstrate a basis for admitting this evidence and, in turn, Nu-Calgon will have no choice but to litigate each and every proffered event, spending considerable time at trial distinguishing those events from this matter. Thus, admission of such evidence will overwhelm the jury and burden the Court with extensive, collateral litigation. See, e.g., id. Accordingly, this Court should exclude evidence of other legal proceedings, lawsuits, or claims related to Nu-Calgon.

WHEREFORE, Defendant, Nu-Calgon respectfully requests the Court grant its Motion in Limine as to prior lawsuits and incidences involving other A/C technicians and/or engineers, and for all other relief the Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of December, 2018, pursuant to Local Rules, a copy of the foregoing has been electronically mailed to all counsel of record.

By: */s/ Douglas B. Melamed*

Douglas B. Melamed, Esq.
Banker Lopez Gassler P.A.
Lauren V. Humphries
Banker Lopez Gassler P.A.
501 E Kennedy Blvd #1700
Tampa, FL 33611
Email: Service-dmelamed@bankerlopez.com
Email: LHumphries@bankerlopez.com
Phone: (954) 440-1333
Fax: (954) 533-3051
FBN: 150002
*Counsel for Defendant, Nu-Calgon Wholesaler, Inc.*
